# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA DEVN PAGE,<br><br>    Defendant. | Case No. CR-25-024-RAW |

## ORDER

The Defendant is charged in the Indictment with two Counts of Felon in Possession of Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).  Before the court are the Defendant's motion to dismiss the Indictment on Constitutional grounds [Docket No. 24] and the Government's response and supplemental response thereto [Docket Nos. 25 and 30].  On May 8, 2025, the court issued an Order ruling on the motion in part and ordering the Government to supplement its response [Docket No. 29].  The court denied the Defendant's facial and as-applied challenges to the charges in the Indictment.  The court also ruled that the Indictment is sufficient under Fed. R. Crim. P. 7.  Now before the court are the remaining arguments by the Defendant.

First, the Defendant argues that the absence of any procedure to restore one's rights to possess a firearm after the right has been forfeited due to a felony conviction violates the due process provisions of the Fifth Amendment.  The Government argues that the defendant cannot assert his Fifth Amendment rights upon a right that was lost through due process of law and that the Defendant is repackaging his Second Amendment claim as a substantive due process claim.

The court agrees.  "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of governmental behavior, that Amendment, not

the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (citation and internal quotation marks omitted). As the Government argues, if there is no Second Amendment right for a felon to possess a firearm, then there is no due process right to regain said right to possess a firearm.

Moreover, the Defendant is incorrect in his argument that there is no procedure to restore one's rights to possess a firearm after the right has been forfeited due to a felony conviction. The statute does contain restoration mechanisms. Section 921(a)(20) provides in pertinent part that "Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." Additionally, section 925(c) allows a person prohibited from possessing firearms to apply to the Attorney General for relief.

Second, the Defendant argues that the absence of a self-defense exception renders § 922(g)(1) unconstitutional under the Second Amendment. The Defendant cites *District of Columbia v. Heller*, 554 U.S. 570 (2008) in support of his argument, but in that case, the Supreme Court noted that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Id*. at 626-27. "Like most rights, the right secured by the Second Amendment is not unlimited." *Id*. at 626. "[T]he right was never thought to sweep indiscriminately." *United States v. Rahimi*, 602 U.S. 680, 691 (2024). In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), the Supreme Court held that *law-abiding citizens* have a right to carry a gun outside the home for self-defense.

As the Government argues, a self-defense exception to § 922(g)(1) would render the statute useless, as every felon would claim he possessed a firearm for self-defense. Nevertheless,

as the Government notes, the Tenth Circuit has recognized a narrow necessity defense to § 922(g)(1) that may apply where a felon is forced by circumstances to temporarily use a firearm in self-defense. *United States v. Deleveaux*, 205 F.3d 1292 (10th Cir. 2000). The defense is available "only in the most extraordinary circumstances," but again, the Defendant is incorrect in his argument. While very narrow, there is in fact a self-defense exception.

Third, the Defendant argues that § 922(g)(1) exceeds Congress's power to regulate commerce. The Defendant recognizes that the Tenth Circuit has already rejected arguments that § 922(g)(1) violates the Commerce Clause, but states that he includes it for record preservation. The Tenth Circuit has held that this Commerce Clause challenge "lacks merit, as it has already been explicitly rejected by this court." *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009)(citing *United States v. Urbano,* 563 F.3d 1150, 1154 (10th Cir.2009) (rejecting Commerce Clause challenge to § 922(g) based upon the alleged insufficient connection to interstate commerce and stating "if a firearm has traveled across state lines, the minimal nexus with interstate commerce is met and the statute can be constitutionally applied"); *United States v. Bolton,* 68 F.3d 396, 400 (10th Cir.1995) (concluding "[§] 922(g)'s requirement that the firearm have been, at some time, in interstate commerce is sufficient to establish its constitutionality under the Commerce Clause")).

After having argued that § 922(g)(1) is unconstitutional as applied to him, finally, the Defendant argues that any interpretation of § 922(g)(1) other than an absolute categorical prohibition for all felons would render the statute unconstitutionally vague. The court is not convinced. As noted above and in the court's Order at Docket No. 29, § 922(g)(1) has consistently been upheld as constitutional.

For the reasons stated herein and in the court's previous Order at Docket No. 29, the Defendant's motion to dismiss the Indictment on Constitutional grounds [Docket No. 24] is DENIED.

**IT IS SO ORDERED** this 23rd day of May, 2025.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**